**Alan WILCOX, Plaintiff, Appellant,**

v.

**TRANS PACIFIC SHIPPING COMPANY, Defendant, Appellee.**

**No. 90–1476.**

United States Court of Appeals, First Circuit.

Heard Dec. 3, 1990.

Decided Jan. 10, 1991.

---

**4**

Nathan Greenberg, Boston, for plaintiff, appellant.

Thomas J. Muzyka with whom Robert E. Collins and Clinton & Muzyka, P.C., Boston, Mass., were on brief, for defendant, appellee.

Before BREYER, Chief Judge, ALDRICH and COFFIN, Senior Circuit Judges.

BAILEY ALDRICH, Senior Circuit Judge.

Shortly before 5:30 p.m. on December 29, 1986, plaintiff appellant Alan Wilcox, a longshoreman, was working in hold No. 2 of defendant's vessel and was injured while avoiding cargo being improperly lifted. For the mishandling defendant was not responsible, but plaintiff charged fault for lack of lighting in the hold. According to plaintiff there were no lights, and merely partial illumination from the crane light when it was overhead, so that he could not see where he was going. Defendant's witnesses testified that the hold contained an array of portable lights. In addition, on cross-examination plaintiff conceded that, whenever equipment was lacking, application should be made to the gang boss, and the union representative testified that if more lighting was needed the gang boss was the one to be told. No such request was made that day, although it had been dark for an hour—the sun had set at 4:23—and no request was made to the ship.

Passing the question of how a jury could be expected to find that plaintiff and his partner would have worked in the dark for an hour without complaining,[1] under *Scindia Steam Navigation Co. v. Santos*, 451 U.S. 156, 172, 172–76, 101 S.Ct. 1614, 1624–27, 68 L.Ed.2d 1 (1981), plaintiff had two further burdens to meet: (1) that defendant had the duty of supplying lights when needed, and (2) that defendant knew, or should have known, that lights were needed in that hold on this occasion. For reasons not apparent, plaintiff filed separate requests, charging liability if the jury found in his favor on either basis. The court was not required to make substantive changes. As filed, the requests were erroneous.

We may add that the plaintiff's evidence as to custom would have warranted a finding for plaintiff on the first of these issues, but it is highly doubtful that the evidence would have supported a finding as to the second. There was no affirm-

---

[1] It is to be regretted that the court, on this record, did not put a special question to the jury as to lighting. That might have terminated the whole case without the numerous questions the general verdict for defendant raises.

ative evidence that the ship knew that lights were needed on this occasion, and this hold might well have been discharged during daylight. It is to be borne in mind that the stevedore had full charge of this area of the vessel, all day, with no duty of supervision on defendant. *Santos*, 451 U.S. at 172, 101 S.Ct. at 1624–25. A duty to supply lighting when needed does not import liability to a longshoreman if, because of the stevedore's neglect, the ship is unaware of the need. This further obligation would contradict OSHA,[2] and the *Santos* principle that the ship had the right to assume proper conduct by the stevedore, 451 U.S. at 170, 101 S.Ct. at 1623–24. The witness did not purport to address the question of ultimate liability, or to say that the ship, while it had the burden of supplying lights when needed, had the further duty of supervising a negligent stevedore who failed to request them. Such a custom, if maintainable at all, would require the clearest proof and notice to the ship.

Plaintiff's other exceptions do not call for comment. The court was entirely correct in telling the jury that it was error for counsel to have expressed his opinion of the proper dollar amount of recovery.

*Affirmed.*

---

**2.** 29 U.S.C. § 654(a) (1988); 29 C.F.R. §§ 1918.2, 1918.92 (1990); *see also* the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 941(a) (1988).